UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HYATT,

    Plaintiff,

v.                                       Case No. 8:22-cv-1188-TPB-JSS

LLOYD AUSTIN, III, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court *sua sponte*. Having carefully considered the complaint, amended complaint, court file, and the record, the Court finds as follows:

Plaintiff John Hyatt,[1] a Chief Warrant Officer-4 in the United States Marine Corps, challenges the U.S. military's covid-19 vaccine mandate. His challenges are based on alleged violations of: (1) informed consent laws due to the alleged unavailability of an FDA-licensed vaccine; (2) the Administrative Procedure Act ("APA"); (3) the Religious Freedom Restoration Act ("RFRA"); and (4) the First Amendment's Free Exercise Clause.

---

[1] The Court notes that Plaintiff originally filed suit as a member of a group of service members from each branch of the armed forces in *Crosby v. Austin*, 8:21-cv-2730 (M.D. Fla. 2021). In that complaint, Plaintiff claimed to be domiciled and stationed in Hawaii. The Court severed the numerous plaintiffs for misjoinder but gave them the opportunity to refile suits in the appropriate venues. Plaintiff elected to file suit, again as a member of a group of plaintiffs, not in Hawaii, but in the Jacksonville Division of the Middle District of Florida. Those plaintiffs were again severed by Judge Howard, and she transferred their cases to various venues. In the operative complaint, Plaintiff now claims to be domiciled in Tampa, Florida, and currently stationed in Hawaii. It is not clear whether Plaintiff has attempted to deceive the courts as to his citizenship or domicile, or whether these inconsistencies are the result of innocent mistakes. The Court reserves the opportunity to reconsider venue issues, if necessary, at a later stage of the proceedings.

Upon review, the Court finds that all of Plaintiff's claims, other than his religious objections, are subject to dismissal for a "simple overarching reason: Under Article II of the Constitution, the President of the United States, not any federal judge, is the Commander in Chief of the Armed Forces." *Austin v. U. S. Navy Seals 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring). For this reason – separation of powers – it is unnecessary to discuss the various legal arguments made here in detail. At the end of the day, the outcome is the same. The President, not the federal courts, runs the U.S. military. Except for Plaintiff's religious claims, the Court declines to intrude upon the authority of the Executive in military affairs and will not attempt to adjudicate the wisdom of professional military judgments.[2]

As to Plaintiff's religious claims, in the interest of judicial economy, the Court will transfer this case to the Honorable Steven D. Merryday, with his consent, as it appears related to a pending class action lawsuit before his Honor.

---

[2] Reasonable people may certainly disagree with the professional military judgments that have been made to terminate the employment of numerous individuals over what is, indisputably, a highly-charged political issue about which many Americans hold very strong convictions on both sides. The wisdom of these decisions is particularly troubling where, as here, a response less severe than outright termination is possible, and the individuals being terminated have long and distinguished records of military service, including service in combat where they have been deployed around the globe in harm's way, voluntarily placing their lives on the line for the country. Nonetheless, the fact remains that under our system of government, the Executive is in charge of the military and, absent a valid religious concern, is generally free to implement the policies at issue in this case without interference from the courts.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) All claims, other than Plaintiff John Hyatt's religious objections, are hereby **DISMISSED.**

(2) The Clerk is directed to transfer this case to the Honorable Steven D. Merryday, with his consent.

(3) The Clerk is directed to terminate Plaintiff's "Motion to Transfer Action Pursuant to Local Rule 1.07" as moot.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>24th</u> day of June, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**